## MAY v. JACKSON COUNTY

*(Circuit Court, N. D. Iowa, E. D. August 9, 1888.)*

1. COUNTIES — ACTIONS AGAINST — LIQUIDATED DAMAGES — PATENTS FOR INVENTIONS.

    An averment in the petition as to the amount of royalty uniformly demanded and collected from users of the patented device does not make a claim for infringement liquidated, and dispense with the demand required by Code Iowa, § 2610, requiring unliquidated demands to be presented to the board of supervisors before suit can be brought thereon against a county.

2. CONSTITUTIONAL LAW — STATE LAW — IMPAIRING JURISDICTION OF FEDERAL COURT.

    The act does not affect or impair the jurisdiction of the federal courts, nor the right of citizens of other states to sue therein.

At Law. Demurrer to petition.

*Runnells & Walker*, for plaintiff.

*Graham & Cady* and *M. C Gregory*, for defendant.

SHIRAS, J. This cause has already been before the court upon a demurrer to the petition, which presented two questions: *First*, whether the state statute of limitations could be pleaded as a bar to an action to recover damages for the infringement of a patent granted by the United States; and, *second*, whether the plaintiff could maintain the action without averring and showing that she had presented her claim for damages, the same being unliquidated, to the board of supervisors of the county, according to the provisions of section 2610 of the Code of Iowa. It was then held that the state statute of limitations was not applicable to the case, but that the provisions of the statute requiring the claim to be presented to the board of supervisors was applicable; and on that ground the demurrer was sustained. See *May v. County of Buchanan*, 29 Fed. Rep. 469; *May v. Cass Co.*, 30 Fed. Rep. 762.

The amendment made to the petition avers that plaintiff has uniformly demanded and collected $50 per cell as a royalty from the lessors of the invention covered by the letters patent owned by plaintiff; and counsel for plaintiff now contend that her claim is not unliquidated, within the meaning of the Iowa statute, and therefore no necessity exists for a presentation thereof to the board of supervisors. The cause of action has not been changed by this averment. It remains an action for a tort, and the averment touching the amount of the royalty usually demanded does not change the character of the demand, and convert it from an unliquidated to a liquidated claim. The petition as amended shows that the defendant has, without the consent of the plaintiff, been using prison cells which are an infringement of the patent owned by plaintiff, and for the damages thus caused plaintiff seeks a recovery. It is not averred that the parties have ever agreed upon any sum to be paid for such use, nor that the amount is fixed by any positive law. The damages are therefore unliquidated, and the question presented by the demurrer to the amended petition is identical with the one passed upon in the opinion already filed in this cause.

Counsel for plaintiff have very fully reargued the latter question, claiming that it comes within the rule so often announced by the supreme court, that the jurisdiction of the courts of the United States, and the right of citizens of other states to sue therein for the recovery or protection of their claims, cannot be affected or impaired by the legislation of the state. The legislation 'in question is not intended to affect or impair the jurisdiction of the federal courts, nor to deny the right of citi of other states to sue therein, nor to control, limit, or impair the rights and remedies of patentees, nor does it seek to deal with subjects beyond the legislative control of the state. In creating the municipal corporations known as counties, the state legislature has declared them to be liable to be sued on contracts and for torts, but, as a protection to the property owners of the county, upon whom the burden falls, has enacted that before suit is brought upon an unliquidated claim, the same must be presented to, and a demand for payment be made of, the board of supervisors. The argument of counsel for plaintiff, if well founded, would result in the conclusion that this provision of the statute is inapplicable to all claims held by citizens of other states, suable in the federal courts. I cannot see that such is the result of the authorities cited by counsel, nor that such is the correct conclusion on principle. The purpose of the statutory enactment is a wise one. It simply requires that an opportunity for settlement shall be afforded the county before it is subjected to the expenses of a suit upon unliquidated claims, of the very existence of which the county officials may be wholly ignorant. The sole question is whether the courts of the United States will recognize and enforce this provision of the state statute, enacted for the protection of the counties and their tax-payers. The argument of counsel has wholly failed to show any good reason why the courts of the United States should ignore this provision of the statute. Legislation of this character no more affects the jurisdiction of the federal courts, or the rights of citizens of other states, than the legislation touching demand and notice of non-payment of commercial paper, and many other subjects, in respect to which the federal courts adopt the statutory enactments as the rule to be followed by those courts. The demurrer is therefore sustained.